UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALBERTO REYES JR.,

   Plaintiff,           **Docket No. 1:15-cv-5675**

 -against-             **COMPLAINT**

SWC GROUP, LP,          Jury Trial Demanded:  Yes

   Defendant,
_____/

## I. PARTIES IN THE COMPLAINT

1. Plaintiff, Alberto Reyes Jr is a resident of State of New York, residing at 1936 Hempstead Turnpike #296, East Meadow, NY 11554.

2. Defendant, SWC Group, LP, is a Texas corporation engaged in the business of collecting debts with its principal place of business located at 4120 International Pkwy, Suite 1100, Carrollton, Texas 75007.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692(a)(30).

4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692(a)(6).

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and

financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

### III.    STATEMENT OF FACTS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by reporting his account to credit bureaus.

12. On the week of March 18, 2015, Defendant called Plaintiff's ex-wife's house telephone at (516)539-0002.

13. Defendant left a message for Plaintiff on his ex-wife's answering machine.

14. Defendant's message states to call (844)695-9395 with no disclosures of Defendant's identity.

## IV. FIRST CAUSE OF ACTION
### (Violations of the FDCPA 15 U.S.C. § 1692e (10))

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. 15 U.S.C. § 1692e – preface and e (10) prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

17. Defendant violated 15 U.S.C. § 1692e – preface and e (10) when Defendant's robo-dialing system left a message on Plaintiff's ex-wife's answering machine and failed to disclose that the communication was with a debt collector.

18. Defendant violated 15 U.S.C. § 1692(e)(11) for failure to disclose in the communication that Plaintiff's ex-wife was speaking with a debt collector and any information obtained would be used for that purpose.

19. Defendant violated 15 U.S.C. § 1692(c)(b) for contacting Plaintiff's girlfriend which is a third party.

20. Defendant violated 15 U.S.C. § 1692(b)(1) when Defendant's calling system failed to identify that the call was from a debt collector.

## V. DEMAND FOR TRIAL BY JURY

21. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: October 1, 2015

Respectfully submitted,

__s/Subhan Tariq_____
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Law Offices of Subhan Tariq, Esq., PLLC
216-14 Jamaica Avenue
Queens Village, NY 11428
Telephone: 516-900-4529
Email:Subhan@tariqlaw.com
Attorney for Plaintiff

To:   SWC Group, LP,
      4120 International Pkwy, Suite 1100
      Carrollton, TX 75007

(*via Prescribed Service*)

Clerk of the Court,
United States District Court
Eastern District of New York
100 Federal Plaza

Central Islip, NY 11722

(*For Filing Purposes*)